1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

NICHOLAS DELMARK,

CASE NO. 14CV83-GPC(BGS)

11

                                    PETITIONER,

vs.

12

TIM PEREZ, Warden, California
Institution for Men, Chino California,

13
14
15

                                    RESPONDENT.

**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

16
17

**INTRODUCTION**

18

    Petitioner Nicholas Delmark ("Petitioner"), a state prisoner proceeding *pro se*,

19

filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.

20

(Dkt. No. 1.) Respondent, Tim Perez ("Respondent"), filed a Motion to Dismiss the

21

Petition for Writ of Habeas Corpus. (Dkt. No. 6.) Petitioner filed an opposition. (Dkt.

22

No. 12.) Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Bernard G. Skomal filed

23

a report and recommendation ("Report") recommending the Petition be dismissed with

24

prejudice. (Dkt. No. 13.) Based on the reasoning below, the Court **ADOPTS** the

25

Magistrate Judge's Report and **GRANTS** Respondent's Motion to Dismiss Petition for

26

Writ of Habeas Corpus.

27

/ / / /

28

## FACTUAL BACKGROUND[1]

On the night of May 13, 2002, 19-year-old Ashley T. drove to a parking lot in Mission Beach to meet some friends. (Dkt. No. 7-13, Lodgment 6 at 2.) She noticed a group of people waving at her, so she stopped her car to see if they needed help. (Id.) A man, later identified as Petitioner, approached Ashley and asked if she wanted to earn $60 by participating in a survey. (Id.) Ashley agreed to take the survey. (Id.) Although Ashley was reluctant to get into Petitioner's car, she did so after Petitioner convinced her he was harmless. (Id.)

Petitioner asked Ashley a series of questions about her sexual experiences. (Id.) Ashley answered some of the questions. (Id. at 3.) Petitioner took her car keys from her and suggested they drive to a different location. (Id.) He drove for about 10 minutes, parked the car on the side of the road and resumed asking Ashley questions about sex. (Id.)

When Petitioner began touching Ashley's chest and thighs, she protested. (Id.) He got on top of her, made her seat recline, unzipped his pants, pulled down her shorts and underwear and pulled her legs apart. (Id.) Ashley screamed, telling Petitioner to get off of her. (Id.) Petitioner punched Ashley in the mouth, causing it to bleed. (Id.) Ashley used Petitioner's handkerchief to wipe the blood from her mouth. (Id.) Petitioner digitally penetrated Ashley's vagina and raped her. (Id.) He then read poetry to her from a book he had in his car. (Id.) At Ashley's request, Petitioner took her back to her car. (Id.) Before driving away, Ashley recorded Petitioner's license plate number. (Id.)

Ashley, who was crying, shivering and seemed to be in shock, told her friend Danielle Stiffler what had happened. (Id.) Stiffler took Ashley to the hospital, where Ashley reported the sexual assault. (Id.) A physical examination showed Ashley had a swollen lip and other injuries consistent with her version of nonconsensual sex. (Id.) Vaginal swabs that were later tested showed the presence of Petitioner's semen. (Id.)

---

[1] The facts are taken directly from California Court of Appeal's decision.

Police officers arrested Petitioner. (Id.) In the trunk of his car, the officers found a collection of poetry and a survey containing questions about sexual habits. (Id.) The officers also found a handkerchief in Petitioner's pocket that was later analyzed and found to contain Ashley's blood. (Id.) Petitioner had abrasions and redness on his hand and chest. (Id.)

**PROCEDURAL BACKGROUND**

On November 12, 2002, following a jury trial, Petitioner was convicted of five counts: (1) forcible rape; (2) rape by a foreign object; (3) sexual battery by restraint; (4) assault with intent to commit a felony; and (5) false imprisonment by violence, menace, fraud or deceit. (Dkt. No. 7-4, Lodgment 1.) On January 29, 2003 the trial court sentenced Petitioner to prison for 90 years to life. (Id.)

Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One. (Dkt. No. 7-10, Lodgment 3; Dkt. No. 7-13, Lodgment 6.) On April 23, 2004, the appellate court found that Petitioner was entitled to an additional day of presentence credits, but affirmed the trial court's judgment in all other respects. (Dkt. No. 7-13, Lodgment 6 at 18-19.) Petitioner did not pursue discretionary review in the California Supreme Court.

On March 5, 2013, Petitioner filed a habeas petition with the San Diego County Superior Court. (Dkt. No. 7-15, Lodgment 8.) The trial court denied each of Petitioner's claims and found his petition untimely due to his substantial delay in filing and failure to show good cause. (Dkt. No. 7-16, Lodgment 9.) On June 10, 2013, Petitioner filed his habeas petition in the California Court of Appeal, and the petition was denied on July 10, 2013. (Dkt. No. 7-17, Lodgment 10; Dkt. No. 7-18 Lodgment 11.) On August 29, 2013, Petitioner filed his habeas petition in the California Supreme Court, and the petition was denied on November 13, 2013. (Dkt. No. 7-19, Lodgment 13.)

On January 10, 2014, Petitioner filed the present Petition on the same grounds previously raised in his state habeas petition. (Dkt. No. 1.) On February 19, 2014,

Respondent moved to dismiss the Petition on the basis that it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Dkt. No. 6.) On April 25, 2014, Petitioner filed a response in opposition to the motion to dismiss. (Dkt. No. 12.) On July 7, 2014, Magistrate Judge Skomal filed the Report recommending the Court deny the Petition. (Dkt. No. 13.)

## LEGAL STANDARD

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## DISCUSSION

The Court received no objections to the Report and no request for an extension of the time in which to file any objections. Therefore, the Court assumes the correctness of the Magistrate Judge's factual findings and adopts them in full. The Court has conducted a *de novo* review, independently reviewing the Report and all relevant papers submitted by both parties, and finds that the Report provides a correct analysis of the claims present in the instant Petition.

**A.    Statute of Limitations**

AEDPA provides a one year statute of limitations period for prisoners who are

"in custody pursuant to the judgment of a State court" to file for federal habeas relief, which "runs from the latest of" four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns the first of those dates: "the date on which the judgment of conviction becomes final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Here, where Petitioner did not file a petition for review in the California Supreme Court, the conviction became final, within the meaning of § 2244(d)(1)(A), on the last day Petitioner could seek review of the appellate court opinion in the state supreme court, Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012), which is 40 days after the appellate court filed its opinion, unless that day is a holiday. Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). The one year statute of limitations begins to run the day after the conviction becomes final. Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002).

The Magistrate Judge was correct in finding that the statute of limitations has expired. On April 23, 2003, the appellate court affirmed Petitioner's conviction and 40 days later, on June 2, 2003, the conviction became final and the statute of limitations began to run on June 3, 2003. Therefore, the statute of limitations expired on June 3, 2004 and the Petition is time-barred, absent any tolling provisions or exceptions.

**B.     Statutory and Equitable Tolling**

The Magistrate Judge properly considered Petitioner's eligibility for both statutory tolling and the actual innocence exception and found that Petitioner is not entitled to any exceptions of the limitations period.

**1.     Statutory Tolling**

AEDPA tolls the one year statute of limitations period for the amount of time a "properly filed application for the State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). The one year limitations period cannot be tolled if the initial state habeas petition is filed after the limitations period for filing the federal habeas petition has expired. Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003).

Here, the time to file a federal habeas petition expired on June 3, 2004 and

1  Petitioner did not file his state court habeas petition until March 5, 2013, nearly nine

2  years after the one year statute of limitations had expired. Therefore, because Petitioner

3  did not file his state habeas corpus petition until after his eligibility for federal habeas

4  had already lapsed, statutory tolling does not apply.

5            **2.    Actual Innocence Exception**

6       In Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011), the Ninth Circuit held that,

7  "actual innocence constitutes an equitable exception to AEDPA's limitations period."

8  Lee, 653 F.3d at 932. Upon a credible showing of "actual innocence" under Schlup v.

9  Delo, 513 U.S. 289 (1995), Petitioner may present otherwise time-barred claims in

10  federal court. Lee, 653 F.3d at 932. In order to pass through the Schlup gateway,

11  Petitioner must produce evidence of innocence "so strong that a court cannot have

12  confidence in the outcome of the trial." Schlup, 513 U.S. at 316. This standard "permits

13  review only in the extraordinary case, but it does not require absolute certainty about

14  the petitioner's guilt or evidence." Id. at 327.

15       If Petitioner presents new reliable evidence of his actual innocence, the Court

16  must consider all the evidence, old and new, and make a "probabilistic determination

17  about what reasonable, properly instructed jurors would do." Id. at 329. Petitioner must

18  also demonstrate that "more likely than not, in light of the new evidence, no reasonable

19  juror would find him guilty beyond a reasonable doubt." Id.

20       Petitioner relies solely on Janice Littrell's declaration, dated January 21, 2013,

21  to support his actual innocence claim. (Dkt. No. 7-15, Lodgment 8, Ex. A.) Littrell

22  stated in her declaration that Petitioner asked her to visit the location of the crime and

23  while she was at the location she observed the following: "The surrounding area is

24  residential. Had Ms. Tate truly screamed for help as she claims she did, someone would

25  have heard it." (Id.)

26       The Magistrate Judge was correct in finding that the actual innocence exception

27  does not apply in this case. The declaration Petitioner relies upon is not sufficient to

28  constitute new or reliable evidence. The information contained in the declaration is not

new evidence because the location of the crime scene and the surrounding area was available prior to the date Petitioner's conviction became final. (Dkt. No. 7-16, Lodgment 9; Dkt. No. 7-18, Lodgment 11.) Further, the declaration is unreliable because it is missing important details, such as, Littrell's relationship to Petitioner and the date she visited the location. (Dkt. No. 7-15, Lodgment 8, Ex. A.)

In addition, both the San Diego County Superior Court and the California Court of Appeal, denied Petitioner's actual innocence claim based on the fact that the declaration does not establish new evidence that was not available at trial. (Dkt. No. 7-16, Lodgment 9; Dkt. No. 7-18, Lodgment 11.) Therefore, the evidence is not sufficient to show that more likely than not, a reasonable juror would find that Petitioner is not guilty and the actual innocence exception is not available to revive Petitioner's otherwise time-barred petition. See Schlup, 513 U.S. at 329.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2254 Cases provides, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "The issue of whether to grant a certificate of appealability 'becomes somewhat more complicated where, as here, the district court dismisses the [claims] based on procedural grounds.'" Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) ( quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In those situations, this Court "must decide whether 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right'" and "'whether jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Id.

The Court **DENIES** a certificate of appealability as to the actual innocence claim in the Petition. Because, the Court finds that no jurists of reason would find it debatable whether the district court was correct in its procedural ruling, a certificate of appealability is not appropriate as to this claim. See id.

/ / / /

1

## CONCLUSION

2          Based on the above, the Court **ADOPTS** the report and recommendation of the

3    Magistrate Judge and **GRANTS** Respondent's motion to dismiss and **DISMISSES** the

4    petition for the writ of habeas corpus with prejudice.  The Clerk of Court shall close

5    the case.

6          IT IS SO ORDERED.

7

8    DATED:  September 16, 2014

9

10                                             HON. GONZALO P. CURIEL
                                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28